IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEVIN DEON JENNINGS,                                              Case No. 2:25-cv-00449-SB

           Plaintiff,                                              **ORDER TO AMEND**

    v.

DR. WARREN ROBERTS *et al*.,

           Defendants.

_____

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Kevin Deon Jennings ("Jennings"), a self-represented litigant in custody at

Eastern Oregon Correctional Institution ("EOCI"), filed this civil rights action pursuant to 42

U.S.C. § 1983 ("Section 1983"). The Court previously granted Jennings leave to proceed in

forma pauperis. (ECF No. 5.) Upon review, the Court finds that Jennings' complaint is deficient,

and that he must amend his allegations for this action to proceed.

**BACKGROUND**

Jennings' claims arise out of a chronic back condition for which he received a lumbar

discectomy in 2019. (Compl. (ECF No. 1) at 2.) Jennings names as defendants to this action: (1)

PAGE 1 – ORDER TO AMEND

Dr. Warren Roberts, formerly the chief medical officer for the Oregon Department of Corrections; (2) Joe Bugher, the former Assistant Director of Corrections for Health Services Division; (3) T. Johnson, an EOCI health services employee; (4) Jason M. Walker, whose role is unclear from the allegations in the complaint; and (5) Hickey; (6) Moore; and (7) Cubbage-Thorp, all of whom handle "security" at EOCI. (*Id.* at 1.)

Jennings alleges that in 2022, three years after undergoing spinal surgery, he began experiencing "complication[s] such as shocks of pressure pains and numbing around [his] lower spine down to [his] shins." (Compl. at 2.) Jennings alleges that on March 5, 2024, he requested "a permanent bottom bunk" to manage his symptoms, but that multiple individuals "refus[ed] to treat the inflammation and provide the bottom bunk restriction" he requested. (*Id.*) Jennings states such refusal "led to a man down incident" on April 18, 2024, which caused severe pain, impaired his mobility, and required him to be transported to a nearby hospital. (*Id.*) Jennings claims that when he returned to EOCI later that evening, unidentified individuals "degraded" him and failed to take his pain seriously, and the EOCI medical staff ignored his requests for help after he soiled himself, forcing him to lay in his soiled clothing until the next morning. (*Id.*)

## LEGAL STANDARDS

### I.    FEDERAL IFP STATUTE

"The federal [IFP] statute, codified at 28 U.S.C. § 1915, allows an indigent litigant to commence a civil . . . action in federal court without paying the administrative costs of proceeding with the lawsuit." *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The IFP statute provides that a "court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc)

("Section 1915(e) applies to all . . . [IFP] complaints, not just those filed by prisoners."). In other words, the IFP statute mandates sua sponte dismissal on these grounds. *See Hebrard v. Nofziger, 90 F.4th 1000, 1007 (9th Cir. 2024)* ("[Section] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.") (simplified); *Chavez v. Robinson, 817 F.3d 1162, 1168 (9th Cir. 2016)* ("[Section] 1915 [previously] required courts to dismiss only those cases that were 'frivolous or malicious[,]' . . . [but] the current IFP statute provides additional, detailed grounds for dismissal—including mandatory dismissal of any claim that 'seeks monetary relief against a defendant who is immune from such relief.'") (citations omitted).

## II.    FAILURE TO STATE A CLAIM

"[T]he same substantive rules apply to [Federal Rule of Civil Procedure ("Rule")] 12(b)(6) and § 1915(e) dismissals for failure to state a claim." *Hebrard*, 90 F.4th at 1007 (citing *Lopez*, 203 F.3d at 1127-28). To state a claim under Rule 12(b)(6), a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Where a plaintiff's "complaint pleads facts that are 'merely consistent with' a defendant's liability, [the plaintiff's complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

///

III.    **SELF-REPRESENTED LITIGANTS**

Courts "have a duty to read a pro se complaint liberally," *Sernas v. Cantrell*, 857 F. App'x 400, 401 (9th Cir. 2021), and should treat "pro se litigants . . . with 'great leniency' when evaluating compliance with 'the technical rules of civil procedure.'" *Seals v. L.A. Unified Sch. Dist.*, 797 F. App'x 327, 327 (9th Cir. 2020) (quoting *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986)). The Supreme Court, however, has also recognized that "[d]istrict [courts] have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Thus, there are limits on the leeway that courts must afford to self-represented litigants. *See Washington v. Kijakazi*, 72 F.4th 1029, 1039-40 (9th Cir. 2023) ("[T]here are limits to what a court must do to accommodate a party appearing pro se." (citing *Pliler*, 542 U.S. at 231)); *see also Atkins v. Montgomery*, No. 20-56007, 2024 WL 3594386, at *2 (9th Cir. July 31, 2024) (rejecting the self-represented plaintiff's arguments that the magistrate judge failed to provide "meaningful assistance" on exhaustion, or "take into account the amount of time remaining on [his] one-year statute of limitations in requiring a response to her order" (citing *Pliler*, 542 U.S. at 231)).

For example, "[a]lthough [courts] construe pro se pleadings liberally, especially in civil rights cases, [they] 'may not supply essential elements of the claim that were not . . . pled[.]'" *Owen v. City of Hemet*, No. 21-55240, 2022 WL 16945887, at *1 (9th Cir. Nov. 15, 2022) (first citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); and then quoting *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014)); *Salazar v. Regents of Univ. of Cal.*, 812 F. App'x 410, 412-13 (9th Cir. 2020) (same); *see also Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (observing that a court's "liberal interpretation of a pro se civil rights complaint may not supply essential elements of the claim that were not initially pled") (simplified).

**DISCUSSION**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). To state a Section 1983 claim, a plaintiff must allege facts from which a court may infer "(1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Wash. Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing *Ketchum v. Alameda County*, 811 F.2d 1243, 1245 (9th Cir. 1987)).

Jennings fails to state a viable claim for relief pursuant to Section 1983. As an initial matter, "liability under [Section] 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (explaining that "[l]iability under [S]ection 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation (citing *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979))). Jennings therefore must plausibly allege that each defendant, through his or her own action or inaction, violated Jennings' constitutional rights. Jennings thus cannot state a viable claim for relief against EOCI's "medical staff" generally, and he cannot merely allege that certain individuals were "involved" with specific incidents or grievances. *See Barren*, 152 F.3d at 1194 (explaining that a plaintiff "must allege facts, not simply conclusions, that show an individual was personally involved in the deprivation of his civil rights"); *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (affirming dismissal of complaint which failed to "say which wrongs were committed by which defendants"); *see also Conley v. Nielsen*, 706 F. App'x 890, 892 (9th Cir. Aug. 24, 2017)

(affirming dismissal of claims against "all medical staff" because the plaintiff failed to identify any of the individuals involved and the specific conduct attributable to them).

Furthermore, Jennings' claims lack adequate specificity to state a claim for relief. For example, Jennings asserts that he suffered retaliation but fails to allege any facts to suggest that any individual defendant took an adverse action against him, that such action was on account of Jennings' protected conduct and served no legitimate penological purpose, and that such action chilled the exercise of his rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (explaining that to state a retaliation claim, a plaintiff must plausibly allege that "(1) a state actor took some adverse action against an inmate, (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal"). The Court thus advises Jennings that a pleading "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do[,]" and that he must allege more than "an unadorned, the defendant-unlawfully-harmed-me accusation" to state a viable claim on which relief may be granted. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Finally, Jennings' claims against certain defendants appear to be based on those defendants' involvement with the prison grievance process. (*See* Compl. at 2) (alleging that the denial of a permanent bottom bunk restriction "led to the grievance EOCI 2024-05-023" and listing "[t]he people who became involved in [the] grievance"). The Court notes that such claims, without more, are not cognizable under Section 1983. *See Todd v. Cal. Dep't of Corr. and Rehab.*, 615 F. App'x 415, 415 (9th Cir. 2015) (affirming district court's dismissal of Section 1983 claim "regarding the processing and handling of his prison grievances because prisoners do not have a 'constitutional entitlement to a specific prison grievance procedure'"); *see also*

*Shallowhorn v. Molina*, 572 F. App'x 545, 547 (9th Cir. 2014) (affirming district court's dismissal of Section 1983 claims against prison officials who merely denied the plaintiff's grievance appeals).

At this stage of the proceedings, the Court cannot determine if amendment would be futile and therefore affords Jennings an opportunity to amend his complaint. The Court advises Jennings that if he chooses to file an amended complaint, he must write a short, plain statement telling the Court: (1) the federal constitutional or statutory right Jennings believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the individual's action or inaction caused the violation of Jennings' constitutional rights; and (5) what specific injury Jennings suffered because of the individual's conduct.

///

///

///

///

///

///

///

///

///

///

///

///

///

**CONCLUSION**

For the reasons stated, the Court ORDERS Jennings to file an amended complaint, within thirty days of the date of this Order, curing the deficiencies noted above. The Court advises Jennings that the amended complaint will operate as a complete substitute for the present complaint, not as a supplement, and that if he does not file an amended complaint within thirty days, the Court will dismiss this action without prejudice for failure to state a claim.

The Court DENIES Jennings' Motion for Appointment of Counsel (ECF No. 3) because he has demonstrated a sufficient ability to articulate his claims in light of the complexity of the case and, at this stage of the proceeding, has failed to demonstrate a likelihood of success on the merits. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

**IT IS SO ORDERED.**

DATED this 23rd day of May, 2025.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge